IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 2 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| ARONLD ESTRADA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-08-116 |
| | § | |
| THE CITY OF SAN BENITO, TEXAS; | § | |
| GUADALUPE AYALA, JUAN VELEZ, and | § | |
| UNKNOWN OFFICERS OF THE SAN | § | |
| BENITO POLICE DEPARTMENT; | § | |
| UNKNOWN AGENTS OF THE UNITED | § | |
| STATES CUSTOMS AND BORDER | § | |
| PATROL; and UNKNOWN AGENTS OF | § | |
| THE UNITED STATES DRUG | § | |
| ENFORCEMENT AGENCY, in their | § | |
| official capacities, | § | |
| | § | |
| Defendants. | § | |

### OPINION & ORDER

BE IT REMEMBERED that on October _27_, 2008, the Court considered Defendant Juan Velez's Motion for More Definite Statement, Dkt. No. 5, and Plaintiff Arnold Estrada's Motion for Leave to File Amended Pleading. Dkt. No. 14. This Court **GRANTED** both Defendant's Motion for More Definite Statement and Plaintiff's Motion for Leave to File Amended Pleading.

I.      **Background**

On March 19, 2008, Arnold Estrada ("Plaintiff") filed the instant action against The City of San Benito, Texas; Guadalupe Ayala, Juan Velez ("Velez"), and Unknown Officers of the San Benito Police Department ("SBPD"); Unknown Agents of the United States Customs and Border Patrol ("CBPE"); and Unknown Agents of the United States Drug Enforcement Agency ("DEA"), in their individual capacities ("Defendants") asserting a cause of action for constitutional violations under 42 U.S.C. § 1983. Dkt. No. 1, at 2. The Plaintiff's allegations are that he was a passenger in a van that was stopped by the SBPD.

Dkt. No. 1, Ex. 2, at 4. As the driver was being interviewed by Defendant Officer Guadalupe Ayala, the Plaintiff became agitated, exited the vehicle, and started running. *Id.* As he was running, he noticed a number of cars arrive at his location. *Id.* He stopped running and put his hands up. *Id.* While his hands were up, he saw a CBPE agent run towards him and tackle him. *Id.* Agents of the CBPE and the DEA piled on him, beating and kicking him. *Id.* at 5. An unknown SBPD officer lifted him by his torso when his hands were cuffed behind his back, popping his shoulder, and causing severe injury and extreme pain to him. *Id.* He was placed in jail and denied treatment for at least two hours. *Id.* at 6. When he was finally provided medical care, he remained hospitalized for nearly two weeks as a result of his injuries. *Id.* at 6-7. While hospitalized the SBPD misled his family into believing he was in jail. *Id.* at 7. He has undergone six months of rehabilitation therapy, but will remain permanently disabled because of his shoulder injury for the remainder of his life. *Id.* at 8. He is also undergoing treatment for depression. *Id.* Since his release from the hospital, SBPD officers, including Velez have stopped by his residence on several occasions asking if he will pursue claims against the department. *Id.* at 7. Based on these allegations, Plaintiff seeks to bring suit against Defendants for violating his civil rights by allowing him to be beaten, filing false police reports, and failing to provide proper and timely medical care. *Id.*

Velez filed his instant Motion for More Definite Statement with this Court on May 1, 2008, Dkt. No. 5, and Plaintiff filed his Motion for Leave to File Amended Pleading with this court on September 2, 2008. Dkt. No. 14.

## II.    Standard

### A. More Definite Statement

The pleading requirements of Rule 8(a) should be "view[ed] . . . [with] great liberality." *See* Nebout v. City of Hitchcock, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999) (citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because of this view, a motion for more definite statement is generally disfavored and most often is used to "remedy only . . . an intelligible pleading rather than a correction for lack of detail." *Id.* (citations omitted). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or
> ambiguous that a party cannot reasonably be required to frame a responsive

pleading, the party may move for a more definite statement before imposing a responsive pleading. The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to the which the motion was directed or make such order as it deems just.

B. *Leave to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires."  Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party."  Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, 79 F.3d 480, 484 (5th Cir. 1996).  A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment."  Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))).  In the absence of any of these factors, the requested leave should be freely granted. *Foman*, 371 U.S. at 182. Additionally, "[a] district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith*, 393 F.3d at 595 (quoting Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002) (quoting Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998))). However, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *Smith*, 393 F.3d at 595 (quoting *Quintanilla*, 139 F.3d at 499).

## III.   **Analysis**

A. *More Definite Statement*

Defendant Velez moves under Fed. R. Civ. P. 12(e) for a more definite statement concerning allegations that Defendants violated his state and federal constitutional rights. Velez argues that Plaintiff has not identified any actions by Velez in his Original Petition that would constitute a violation of the Plaintiff's rights.  Dkt. No. 5, at 2.  Velez alleges that

he was not working or present at the scene at the time of Plaintiff's arrest or incarceration. *Id.*

Although the Plaintiff's Original Petition describes in detail the factual allegations of his arrest, the complaint does not adequately describe the alleged actions or theories of responsibility that if proven would make Velez liable. Velez is mentioned twice in the Plaintiff's Original Petition. Dkt. No. 1, Ex. 2. Plaintiff alleges that Velez has stopped by his residence on several occasions asking if he or his family is going to pursue claims in this matter. *Id.* at 7-8. Additionally, Plaintiff pleaded that he maintains a cause of action against Velez, as well as the other Defendants for "grossly negligent and reckless acts, including their excessive and unnecessary use of force and misuse of municipal equipment." *Id.* at 8.[1] It is unclear to this Court whether Plaintiff seeks to hold Velez liable for alleged involvement in his beating or for his inquiry into whether the Plaintiff sought to pursue litigation in this matter. Therefore, this Court holds that the Plaintiff's Original Petition is so vague or ambiguous with respect to Velez that Velez cannot reasonably be required to frame a responsive pleading. Velez's Motion for More Definite Statement is hereby granted.

## B. *Leave to Amend*

Plaintiff requests leave of this Court to amend its Original Complaint in order to add two new parties to this proceeding and to the civil conspiracy claim. Dkt. No. 14, at 1. Plaintiff seeks to add Martin Arellano, a United States Marshal's Deputy who allegedly assaulted the Plaintiff. *Id.* at 2. The Plaintiff also seeks to add the United States Marshal's Service as a defendant. *Id.* Plaintiff argues that he only became aware of Arellano's involvement on July 2, 2008 during discovery. *Id.* Plaintiff alleges that Arellano's name, and the involvement of the Marshal's Service in his arrest, was intentionally omitted from the SBPD's offense report, so he had no way of knowing who assaulted him until it was revealed during discovery. *Id.* No current Defendant has filed an objection to Plaintiff's motion.

---

[1]Plaintiff's Amended Original Complaint, which is addressed in the following section, does not add any additional references to Velez. Dkt. No. 14, Ex. 1.

The Court determines that none of the factors set forth in *Foman* warranting a denial of leave to amend a complaint are present in this case at this time. There is no evidence of Plaintiff acting with bad faith or undue delay, and there is no evidence that Defendants will suffer prejudice as a result of the amendment. Additionally, the instant motion is Plaintiff's first request for leave to amend its complaint, and there is no evidence that the amendment sought is futile. Furthermore, Defendants have not expressed any opposition to the proposed amendments. Therefore, the Court concludes that Plaintiff should be granted leave to amend its complaint as requested.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Velez's Motion for More Definite Statement, Dkt. No. 5, and Plaintiff's Motion for Leave to File Amended Pleading. Dkt. No. 14. Plaintiff is **ORDERED** to amend his complaint by November 7, 2008. The amended complaint must identify specific actions and allege specific state and federal constitutional violations by Defendant Velez. Defendants shall serve a responsive pleading within ten (10) days after service of the amended complaint.

DONE at Brownsville, Texas, this 22th day of October, 2008.

Hilda G. Tagle
United States District Judge