IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 0 8 2009
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ARNOLD ESTRADA, § § Plaintiff, § § v. § § THE CITY OF SAN BENITO, TEXAS; § GUADALUPE AYALA, JUAN VELEZ, and § UNKNOWN OFFICERS OF THE SAN § BENITO POLICE DEPARTMENT; § UNKNOWN AGENTS OF THE UNITED § STATES CUSTOMS AND BORDER § PATROL and UNKNOWN AGENTS OF § THE UNITED STATES DRUG § ENFORCEMENT AGENCY, in their § individual capacities, and MARTIN § ARELLANO, in his individual capacity. § § Defendants. § | CIVIL ACTION NO. B-08-116 |

## OPINION & ORDER

BE IT REMEMBERED that on January 8, 2009, the Court considered Defendants Juan Velez, Guadalupe Ayala, and The City of San Benito, Texas' First Amended Motion to Dismiss. Dkt. No. 19. This Court **GRANTED IN PART** Defendants' motion.

I.   **Background**

On March 19, 2008, Arnold Estrada ("Plaintiff") filed the instant action against The City of San Benito, Texas; Guadalupe Ayala, Juan Velez ("Velez"), and Unknown Officers of the San Benito Police Department ("SBPD"); Unknown Agents of the United States Customs and Border Patrol ("CBPE"); and Unknown Agents of the United States Drug Enforcement Agency ("DEA"), in their individual capacities asserting a cause of action for constitutional violations under 42 U.S.C. § 1983. Dkt. No. 18. The Plaintiff's allegations are that he was a passenger in a van that was stopped by the SBPD. *Id.* at 4. As the driver was being interviewed by Defendant Officer Guadalupe Ayala, the Plaintiff became

agitated, exited the vehicle, and started running. *Id.* at 4-5, As he was running, he noticed a number of cars arrive at his location. *Id.* He stopped running and put his hands up. *Id.* While his hands were up, he saw a CBPE agent run towards him and tackle him. *Id.* Agents of the CBPE and the DEA piled on him, beating and kicking him. *Id.* at 5. An unknown SBPD officer lifted him by his torso when his hands were cuffed behind his back, popping his shoulder, and causing severe injury and extreme pain to him. *Id.* He was placed in jail and denied treatment for at least two hours. *Id.* at 6. When he was finally provided medical care, he remained hospitalized for nearly two weeks as a result of his injuries. *Id.* at 6-7. While hospitalized the SBPD misled his family into believing he was in jail. *Id.* at 7. He has undergone six months of rehabilitation therapy, but will remain permanently disabled because of his shoulder injury for the remainder of his life. *Id.* at 8. He is also undergoing treatment for depression. *Id.* Since his release from the hospital, SBPD officers, including Velez have stopped by his residence on several occasions asking if he will pursue claims against the department. *Id.* at 7. Based on these allegations, Plaintiff seeks to bring suit against Defendants for violating his civil rights by allowing him to be beaten, filing false police reports, and failing to provide proper and timely medical care. *Id.*

Plaintiff's second amended complaint makes several broad, unspecific claims for relief. Dkt. No. 18, at 9-11. This Court has already ordered Plaintiff, on Defendant Velez's motion, Dkt. No. 5, to provide more specific allegations in his complaint. However, without being provided any clearer statement in his second amended complaint, the Court believes the Plaintiff seeks redress on the following theories of relief:

(1) a constitutional and state constitutional right against all Defendants to be free from (a) excessive force, (b) assault and battery, (c) failing to protect him from assault by other officers, and (d) failure to provide medical care.

(2) conspiracy to violate Plaintiff's constitutional and state constitutional civil rights against all Defendants by beating him, filing false police reports, and failing to provide proper medical care;

(3) negligence (or alternatively gross negligence or recklessness) by all Defendants for (a) excessive and unnecessary use of force, (b) misuse of municipal equipment, and (c) falsification of official documentation;

(4) misuse of municipal equipment by the City, Ayala, Velez, and unknown SBPD officers, in order to (a) place the Plaintiff in jeopardy, and (b) deny him medical treatment;

(5) failure to train by the City, Ayala, Velez, and unknown SBPD officers on (a) the proper use of handcuffs by police officers and (b) the proper procedures of detention officers, which allowed civil rights abuses and brutality to go unpunished and allowed violent officers to remain on the force;

(6) fostering of an institutional culture by the City, which allows (a) the committing of civil rights abuses, (b) brutality to go unpunished, (c) violent officers to remain on the force, and (d) the failure to take remedial action;

(7) excessive use of force by the SBPD, individual DEA and CBPE officer;

(8) failure to protect from the excessive use of force by another officer, against unspecified Defendants;

(9) denial of medical treatment by the DEA, CBPE, and SBPD officers, including Ayala; and

(10) intimidation and scaring of Plaintiff by Defendant Velez's presence at his residence to obtain information about the status of his claims.

The Plaintiff provides no statutory or other legal support for his claims.

Defendants Ayala, Velez, and the City of San Benito move for dismissal on all of Plaintiff's claims against them.[1] Defendants allege the following: Plaintiff cannot establish that he suffered an injury that resulted directly and as a result of excessive and objectively unreasonable use of force by Defendants Ayala and Velez, and therefore these two Defendants should be dismissed. Dkt. No. 19, at 4. Plaintiff has not alleged a constitutional violation sufficient to establish liability under 42 U.S.C. § 1983 and thus his federal claims should be dismissed against Ayala and Velez. *Id.* Second, Velez and

---

[1]In this Order, when the Court refers to "Defendants" or "all Defendants," it refers only to Ayala, Velez, and the City of San Benito collectively. The Plaintiff has not served any of the unknown agents of the CBPE or the DEA who may have been present at the incident whom he sought to make party to this suit.

-3-

Ayala, as far as they are sued in their official capacities, should be dismissed, because a Plaintiff may not pursue § 1983 claims against individuals in their official capacity as well as against their employing governmental agency. *Id.* at 4-5. Third, to the extent that Plaintiff raises state law claims for assault, battery, negligence, or any other claim covered by the Texas Tort Claims Act ("TTCA"), the TTCA bars recovery against individual Defendants when a Plaintiff sues the individuals in conjunction with their employing governmental agency and that agency moves for their dismissal. *Id.* at 5-6. Fourth, to the extent Plaintiff raises claims for relief based upon negligence and gross negligence against the City for misuse of municipal equipment, no particular equipment is identified and even if it were, it would not meet the limited waiver of sovereign immunity that Tex. Civ. Prac. & Rem. Code § 101.021 grants. *Id.* at 6-7. The failure to provide medical treatment is not a use of property sufficient to establish liability under the code. *Id.* Neither is the use, misuse, or failure to use information sufficient to establish liability. *Id.* at 7-8. Finally, Defendants allege Plaintiff has identified no basis for a gross negligence or exemplary damages claim against the City. *Id.* at 8. Even of one existed, it would be barred by state and federal law. *Id.*

Plaintiff has not responded to Defendants' motion to dismiss.

## II. Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). See also Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit

has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

### III. Analysis

Because Defendants have moved for the dismissal of all of Plaintiff's claims against them, this court will analyze Defendants' motion to dismiss in the order Plaintiff made his claims in his amended petition.

*(1) A constitutional and state constitutional right against all Defendants to be free from (a) excessive force, (b) assault and battery, (c) failing to protect him from assault by other officers, and (d) failure to provide medical care*

42 U.S.C. § 1983 provides a private right of action for redressing violations of federal law committed by persons acting under the color of state law. Casanova v. City of Brookshire, 199 F. Supp. 2d 639, 648 (S.D. Tex. 2000); Holland v. City of Houston, 41 F. Supp. 2d 678, 688 (S.D. Tex. 1999). To prevail on a claim under § 1983, a plaintiff must show that a defendant amenable to suit under the statute deprived plaintiff of a constitutional right. Casanova, 199 F. Supp. 2d at 649; Brown v. Hill, No. 05-71240, 2006 WL 2844147, at *4 (E.D. Mich. Sept. 29, 2006). Furthermore, the alleged constitutional deprivation must be shown to have been the result of deliberate indifference, and not merely the result of negligent conduct. Casanova, 199 F. Supp. 2d at 649 ("The negligent deprivation of life, liberty, or property is not a constitutional violation.") (citing Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995)). A plaintiff must support his allegations with specific facts establishing the constitutional violation and may not merely rely on conclusory statements. Casanova, 199 F. Supp. 2d at 649.

a. Excessive Force

When an excessive force claim arises in the context of an arrest or investigatory stop, it invokes Fourth Amendment protection of a citizen's right to be secure against "unreasonable seizures of the person." Graham v. Connor, 490 U.S. 386, 394 (1989). To

determine whether the force used to effect the arrest is reasonable requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation omitted); Connors v. Graves, 538 F.3d 373, 377 (5th Cir. 2008). The district court must balance the circumstances of the particular case, the severity of the crime at issue, whether the suspect poses an immediate threat, and whether he is actively resisting arrest or attempting to evade arrest by fleeing. *Id.* The test is based on the judgment of a reasonable officer on the scene. *Id.*

Accepting Plaintiff's well-pled facts as true, Plaintiff's allegations are sufficient to support an excessive force claim. The Court finds that Plaintiff's injuries are sufficient to state a a claim for excessive force, via 42 U.S.C. § 1983. *See, e.g.* Dominguez v. Moore, 149 Fed. Appx. 281, 283 (5th Cir. 2005) (finding the refusal to loosen handcuffs constituted excessive force because plaintiff's hands became "grossly swollen" and resulted in permanent scarring and nerve injury). Assuming Plaintiff's well-pleaded facts as true, he had stopped fleeing from the police, put his hands up, and yelled to law enforcement he had no weapons and was not going to run. Dkt. No. 18, at 5. While he stood there he was tackled by Defendant Martin Arellano, a United States Marshal, and SBPD and DEA piled on him beating and kicking him. *Id.* An unknown officer placed his knee on Plaintiff's neck. *Id.* Defendant knew at this time his arm was injured. *Id.* The beating continued while he was handcuffed and an unknown SBPD officer who was picking him off the ground popped his shoulder out of its joint. *Id.* at 6. Thus, viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has set forth facts that could entitle him to relief. The Plaintiff has pleaded facts which, if true, place all Defendants at the scene of his arrest except Defendant Velez. Therefore, the Court denies Defendants' 12(b)(6) motion as to the sufficiency of Plaintiff's claim as to all Defendants except Defendant Velez, who is dismissed from this claim.

### b. Assault & Battery

Plaintiff's state law claims for assault and battery are intentional torts that may be asserted against an individual defendant. Under Texas law, the elements required to sufficiently plead civil battery are "(1) a harmful or offensive contact; (2) with a plaintiff's person." Doe v. Beaumont I.S.D., 8 F.Supp.2d 596, 616 (E.D. Tex., 1998) (citing Price v.

Short, 931 S.W.2d 677, 687 (Tex. App. 1996)). The elements required to plead a cause of action for civil assault mirror the elements of criminal assault. McCracken v. Hardberger, Civ. Action No. SA-06-CV-988-XR, 2008 WL 219576, at *5 (W.D. Tex. Jan. 25, 2008) (citing Umana v. Kroger Texas, L.P., 239 S.W.3d 434, 436 (Tex. App. 2007)). Thus, "[a] person commits an assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." McCracken, 2008 WL 219576, at *5 (citing Umana, 239 S.W.3d at 436). See also Doe, 8 F.Supp.2d at 616 ("The elements of an assault are: (1) the apprehension of; (2) an immediate battery.").

Accepting Plaintiff's well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged causes of action for the intentional torts of assault and battery. An examination of the complaint does not show beyond doubt that Plaintiff cannot prove any set of facts that would entitle him to relief. See Conley, 355 U.S. at 45–46. Once again, Plaintiff has not pleaded any facts that place Defendant Velez at his arrest or detention. Therefore, the Court denies Defendants' motion to dismiss pursuant to Rule 12(b)(6), as it pertains to Plaintiff's claims for battery, assault, and false imprisonment as to all Defendants except Velez.

### c. Failing to Protect Plaintiff from Assault by Other Officers

Even if an officer did not exert excessive force upon the Plaintiff, the officer may still be held liable for failing to protect the Plaintiff from excessive force, under a theory of bystander liability. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995); Nowell v. Acadian Ambulance Serv., 147 F.Supp.2d 495, 507 (W.D. La. 2001). The officer must have had a reasonable opportunity to recognize the occurrence of excessive force and a reasonable opportunity to stop the use of force. Nowell, 147 F.Supp.2d at 507. See Snyder v. Trepagnier, 142 F.3d 791, 801 n.11 (5th Cir. 1998) (citing Hale, 45 F.3d at 919).

Plaintiff's complaint alleges that all of the Defendants except Velez were present when Plaintiff was assaulted by both named and unnamed Defendant officers, and Plaintiff maintains that none of the officers attempted to stop the assault. Dkt. 18, at 4-6. Thus, viewing the facts alleged in the light most favorable to Plaintiff, the Court finds that he has sufficiently set forth facts to state a claim against all Defendants except Velez for their alleged failure to protect Plaintiff from the excessive force inflicted upon him. Accordingly,

the Court denies Defendants' request to dismiss Plaintiff's failure to protect claim except as to Defendant Velez.

### d. Denial of Medical Care

The Fourteenth Amendment due process clause secures the right to medical care for an individual in state custody. Wagner v. Bay City, Texas, 227 F.3d 316, 324 (5th Cir. 2000) (citing Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996)). The right to medical care is violated "if an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries." Mace v. City of Palestine, 333 F.3d 621, 625 (5th Cir. 2003) (citing Wagner, 227 F.3d at 324). Deliberate indifference is more than mere negligence. Casanova v. City of Brookshire, 199 F.Supp.2d 639, 649 (S.D. Tex. 2000) (citing Farmer v. Brennan, 511 U.S. 825, 828–29 (1994)). "Deliberate indifference in the context of an episodic failure to provide reasonable medical care to a pretrial detainee means that 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur." Rivera, 2006 WL 3340908, at *8 (quoting Thompson v. Upshur County, Tex., 245 F.3d 447, 458–59 (5th Cir. 2001)). Such deliberate indifference may not be inferred from a mere negligent or even grossly negligent reaction to a substantial risk of harm. Rivera, 2006 WL 3340908, at *8 (citing Thompson, 245 F.3d at 459).

In the present case, Plaintiff alleges that Defendants failed to provide him with medical treatment after he was assaulted. Specifically, he claims that the Defendants ignored Plaintiff's request for health, told him to be quiet, and refused him treatment for hours. Dkt. No. 18, at 6-7. Plaintiff maintains that the denial of medical care by the officers caused him to suffer "prolonged physical injuries and mental anguish." Id. at 7. Assuming Plaintiff's facts are true, the Court determines that Plaintiff has stated a viable claim for deprivation of his constitutional right to medical care. However, Plaintiff has not made any claim that Defendant Velez was present while he was under arrest. Accordingly, the Court denies Defendants' motion to dismiss this claim as to all Defendants except Defendant Velez.

*(2) Conspiracy to violate Plaintiff's constitutional and state constitutional civil rights against all Defendants by beating him, filing false police reports, and failing to provide proper medical care*

Plaintiff claims that Defendants conspired to violate his civil rights, deny him proper medical care, and file false police reports of such actions, thereby giving rise to a claim under 42 U.S.C. § 1983. The elements of a civil conspiracy are: (1) an actual violation of a right protected under 42 U.S.C. § 1983, and (2) actions taken in concert by defendants with the specific intention to violate the aforementioned right. Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir.1999). Here, the Court has held that Plaintiff has pleaded sufficient facts to prevent dismissal of his alleged excessive force and denial of medical care claims. He has also alleged that the report prepared by Ayala was written to hide Defendant Arellano's role in the alleged incident. He has also alleged that Ayala omitted information regarding his medical care from his report in order to conceal the SBPD, CBPE, and DEA agent actions. He has therefore pleaded sufficient facts as to avoid dismissal of his conspiracy claim. Plaintiff has made no allegations linking Velez to a conspiracy to use excessive force, file false police reports, or fail to provide medical care. Accordingly, the Court denies Defendants' 12(b)(6) motion as to Plaintiff's § 1983 claim against him based upon a conspiracy to violate Plaintiff's civil rights and destroy evidence of such actions, except as to Defendant Velez.

*(3) Negligence (or alternatively gross negligence or recklessness) by all Defendants for (a) excessive and unnecessary use of force, (b) misuse of municipal equipment, and (c) falsification of official documentation*

The Texas Tort Claims Act "does not apply to a claim ... arising out of assault, battery, false imprisonment, or any other intentional tort." Tex. Civ. Prac. § Rem. Code Ann. § 101.057. Plaintiff seeks to bring a claim for negligence out of the conduct of the Defendant officers and governmental agencies. Plaintiff, however, has described his claims arising from the arrest as the intentional tort of excessive force. Regardless of the language used, it is clear that Plaintiff's claims consist of intentional torts. See Little v. Schafer, 319 F.Supp. 190, 192 (S.D.Tex.1970) (holding that where the essence of a claim under the Texas Tort Claims Act arises from intentional torts, allegations of negligence are

insufficient to avoid the § 101.057 exception to liability); City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex. App–San Antonio 1990, writ denied) (holding that there was no waiver of municipal immunity under the Texas Tort Claims Act where claims arose out of the intentional torts of excessive force and false arrest). Plaintiff cannot circumvent the intentional tort exception to waiver of municipal liability by simply pleading negligence when the events upon which he bases his claims is actually an intentional tort. Therefore, Plaintiff's claims are dismissed against all Defendants.

Though negligence claims are barred as substitutes for intentional tort actions, this circuit has held that supervisors can be liable for "gross negligence" for their "deliberate indifference" to the actions of their subordinates. Doe v. Taylor Indep. School Dist., 15 F. 3d 443, 452-53, (5th Cir. 1994). The Fifth Circuit established a three-part test for supervisory liability in which, "the plaintiff must show that: 1) the police chief failed to supervise or train the officer, 2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) such failure to supervise or train amounted to gross negligence or deliberate indifference." Id. at 1263. However, the Plaintiff has not pleaded any facts that would support a finding that the City failed to train or supervise its officers, and therefore, any claims for gross negligence are dismissed against all Defendants.

*(4) Misuse of municipal equipment by the City, Ayala, Velez, and unknown SBPD officers, in order to (a) place the Plaintiff in jeopardy, and (b) deny him medical treatment*

Absent a constitutional or statutory waiver of governmental immunity, a city may not be held liable for any of its actions. University of Tex. Medical Branch v. York, 871 S.W.2d 175, 177 (Tex.1994). Sovereign immunity may be waived only by clear and unambiguous language. York, 871 S.W.2d at 177; Duhart v. State, 610 S.W.2d 740, 742 (Tex.1980). The Texas Tort Claims Act provides that a person having a claim under the Act may sue a governmental unit, including a city, for damages that are allowed by the Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.025, 101.001(2)(B) (Vernon 1986). Damages against governmental units that are allowed by the Act are stated in section 101.021 of the Act:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Id. § 101.021. Plaintiff has failed to plead that his injuries were caused by a Defendant's negligent use of tangible personal property or a motor vehicle or equipment. He does not identify any tangible personal property or motor vehicle that he believes was negligently used. Therefore, Plaintiff's claims for misuse of municipal equipment are dismissed against all Defendants.

*(5) Failure to train by the City, Ayala, Velez, and unknown SBPD officers on (a) the proper use of handcuffs by police officers and (b) the proper procedures fo detention officers, which allowed civil rights abuses and brutality to go unpunished and allowed violent officers to remain on the force*

Municipalities and municipal employees are not subject to *respondeat superior* theory of liability for the official actions of their subordinate employees. Doe v. Taylor, 15 F. 3d 443, 453 (5th Cir. 1994). A municipality is responsible in certain circumstances under § 1983 for a failure to train its employees that results in the violation of a plaintiff's right to receive necessary medical attention while in police custody. City of Canton v. Harris, 489 U.S. 378, 391 (1989). However such liability, predicated on a violation of the plaintiff's right under the Due Process Clause of the Fourteenth Amendment, depends on a showing of (1) a "deliberately indifferent" policy of training that (2) was the "closely related" cause of the violation of the plaintiff's federally protected rights. *Id.* at 391.

Plaintiff has not identified any policy or training in his pleadings that he claims was the cause of his injuries. Therefore, Plaintiff has failed to meet the standard required for

stating a claim under § 1983 for failure to train, and therefore the claim is dismissed against all Defendants.

*(6) Fostering of an institutional culture by the City, which allows (a) the committing of civil rights abuses, (b) brutality to go unpunished, (c) violent officers to remain on the force, and (d) the failure to take remedial action*

The Fifth Circuit has not generally recognized a claim for § 1983 liability premised on fostering an institutional culture that allows civil rights abuses to go unpunished. *See* Snyder v. Trepagnier, 142 F.3d 791, 797-98 (5th Cir. 1998) (rejecting a claim that the NOPD enforced a "code of silence" that fostered a permissive attitude toward violence against civilians). In *Snyder*, the court noted that the single case imposing liability Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir.1985) for "prevalent recklessness" when a group of police officers mistook a man for a fugitive, surrounded him, and killed him has not enjoyed wide application in this Circuit. *See* Coon v. Ledbetter, 780 F.2d 1158, 1161 (5th Cir.1986) (distinguishing because "Grandstaff affirmed a judgment against a Texas city on a highly peculiar set of facts . . . .The Grandstaff panel emphasized the extraordinary facts of the case, and its analysis can be applied only to equally extreme factual situations.")

The Plaintiff has failed to present any evidence suggesting a culture of recklessness in the City. Therefore, the pleadings are insufficient to support Plaintiff's claim and it is dismissed against all Defendants.

*(7) Excessive use of force by the SBPD, individual DEA and CBPE officers*

Defendants seek to dismiss all state law claims against Velez and Ayala in their official and individual capacity, pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(b) (Vernon 2008). Section 101.106(b) provides that, unless the governmental unit consents, the filing of a suit against any governmental unit irrevocably bars the plaintiff's recovery against the employees of the governmental unit regarding the same subject matter. Id. The Texas Supreme Court recently considered the extent to which § 101.106(b) bars recovery in Mission Consol. Indep. School Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008). Subsection (e) provides:

-12-

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code § 101.106(e) (Vernon 2008). The section has been extended to include not only tort claims for which the Tort Claim Act waived sovereign immunity, but also operates to bar intentional torts filed against the government and its employees. Mission Consol., 253 S.W.3d at 657-58; Newman v. Obersteller, 960 S.W.2d 621, 622-23 (Tex.1997) (former § 101.106's limiting phrase "under this chapter" operated to bar an intentional tort claim against an employee after a final judgment on a claim involving the same subject matter had been rendered against the governmental unit). The TTCA grant of immunity applies to claims brought against defendants in their individual capacity as well as their official capacity. Welch v. Milton, 184 S.W. 3d 586, 596-97 (Tex. App.–Dallas 2006). The governmental entity has moved for the dismissal of the individual defendants through this motion. Accordingly, the requirements for § 101.106(b) have been met, and the Velez and Ayala are dismissed from all state tort law claims.

As discussed in III(1)(a), *supra*, accepting Plaintiff's well-pled facts as true, Plaintiff's injuries are sufficient to support a state law excessive force claim against the City.

## (8) Failure to protect from the excessive use of force by another officer, against unspecified Defendants

As discussed in III(1)(b) and III(7), *supra*, the Court finds that Plaintiff has sufficiently set forth facts to state a state law claim against the city for its alleged failure to protect Plaintiff from the excessive force inflicted upon him.

## (9) Denial of medical treatment by the DEA, CBPE, and SBPD officers, including Ayala

As discussed in III(1)(c) and III(7), *supra*, assuming Plaintiff's pleaded facts are true, the Court determines that Plaintiff has stated a viable state law claim for deprivation of his constitutional right to medical care against the City.

*(10) Intimidation and scaring of Plaintiff by Defendant Velez's presence at his residence to obtain information about the status of his claims*

To prevail on a claim under § 1983, a plaintiff must show that a defendant amenable to suit under the statute deprived plaintiff of a constitutional right. Casanova, 199 F. Supp. 2d at 649; Brown v. Hill, No. 05-71240, 2006 WL 2844147, at *4 (E.D. Mich. Sept. 29, 2006). Furthermore, the alleged constitutional deprivation must be shown to have been the result of deliberate indifference, and not merely the result of negligent conduct. Casanova, 199 F. Supp. 2d at 649 ("The negligent deprivation of life, liberty, or property is not a constitutional violation.") (citing Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995)). Plaintiff alleges that because Velez stopped by his house to inquire about the status of any claims he may have against SBPD or any other entities while he was still recovering from his injuries, he felt intimidated and scared. The Court finds that the Plaintiff has not identified any actions by Defendant Velez that give rise to a § 1983 intimidation claim. Therefore, Plaintiff's claim is dismissed.

*(11) Other defenses raised by Defendants*

Defendants seek to dismiss the § 1983 claims against Velez and Ayala in their official capacity only. Defendants argue that a suit against a state official in his official capacity is redundant to a suit against the governmental entity itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). This Court concludes that suit against Defendants Velez and Ayala is redundant, and dismisses them in their official capacity from Plaintiff's claims III(1)-(6), *supra*.

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS IN PART** Defendants City of San Benito, Texas, Juan Velez, and Guadalupe Ayala's First Amended Motion to Dismiss, Dkt. No. 19. As discussed above, all claims against the City, Velez, and Ayala are dismissed , except:

(1) a constitutional right against all Defendants to be free from (a) excessive force, (b) assault and battery, (c) failing to protect him from assault by other officers, and (d) failure to provide medical care, against the City and Ayala, in his individual capacity;

(2) conspiracy to violate Plaintiff's constitutional civil rights against all Defendants by beating him, filing false police reports, and failing to provide proper medical care, against the City and Ayala, in his individual capacity;

(3) excessive use of force, against the City;

(4) failure to protect from the excessive use of force by another officer, against the City;

(5) denial of medical treatment against the City.

The remaining Defendants, Unknown Officers of the San Benito Police Department, Unknown Agents of the United States Customs and Border Patrol; and Unknown Agents of the United States Drug Enforcement Agency, in their individual capacities, have not been served nor have they moved for dismissal at this time.

None of Plaintiff's claims against Defendant Velez survive dismissal, and therefore he is dismissed from this suit.

DONE at Brownsville, Texas, this ___8___th day of January, 2009.

_____
Hilda G. Tagle
United States District Judge